IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAMI Y. HOUSTON,

       Plaintiff,

v.                                                                                    CIV 14-0389 KBM

CAROLYN COLVIN,
Acting Commissioner of Social Security,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing (*Doc. 17*) filed on December 23, 2014, and fully briefed May 18, 2015 (*Doc. 25*). Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *Doc. 9*. Having carefully reviewed the parties' submissions and the administrative record, the Court finds the motion is well taken and will be granted.

**I.    Background and Procedural History**

Plaintiff is a 45-year old woman with an 11th grade education who lives with her minor son and has previously worked as a cashier and dietary aide. Administrative Record, (AR)[1] 60, 84-85, 88-89, 97, 173, 203, 221. Plaintiff applied for disability insurance benefits and supplemental security income on June 28, 2010, alleging disability since July 22, 2008, due to fibromyalgia, anxiety attacks, asthma, headaches, and depression. AR 202, 220. After Plaintiff's applications were denied initially and upon

---

[1] Documents 14-1 through 14-16 and 22-1 through 22-3 comprise the sealed Administrative Record. When citing the record, the Court cites the AR's internal pagination, rather than the CM/ECF document number and page.

reconsideration, she requested a hearing before an administrative law judge ("ALJ"), which took place before ALJ Ann Farris on October 4, 2012. AR 51-54, 55-74, 107, 109-13, 116-18, 123-29.  Following the hearing, Plaintiff requested that ALJ Farris keep the record open until November 16, 2012, so she could submit additional medical records for the ALJ's consideration. AR 271, 272. Despite this request, ALJ Farris issued her decision on November 8, 2012. AR 69.

Using the five-step sequential evaluation process,[2] ALJ Farris found: at Step One, Plaintiff was not engaged in substantial gainful activity; at Step Two, Plaintiff had severe impairments, including obsessive-compulsive disorder, panic disorder, schizoaffective disorder, fibromyalgia, and obesity; at Step Three, that these impairments did not meet or medically equal the listings set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C. F. R.  416. 920(d)); at Step Four, Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of sedentary work with some exertional and non-exertional limitations; and while ALJ Farris determined that Plaintiff could not perform any past relevant work, she determined at Step Five that

---

[2] Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520. Step One requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step Two requires that the claimant establish that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. 20 C.F.R. § 404.1520(C). If the claimant is engaged in substantial gainful activity (Step One) or if the claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Listings"). A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If the claimant does not meet a listing, the evaluation proceeds to Step Four, where the claimant must establish that she does not retain the residual functional capacity to perform her past relevant work. If the claimant's Step-Four burden is met, the burden shifts to the Commissioner to establish at Step Five that work exists in significant numbers in the national economy which the claimant, taking into account her age, education, work experience, and RFC, can perform. *Dikeman v. Halter*, 245 F.3d 1182, 1183 (10th Cir. 2001). Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. 20 C.F.R. § 404.1520.

there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. Accordingly, she concluded Plaintiff was not disabled within the meaning of the Social Security Act. AR 58-69.

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. AR 52-53. On December 14, 2012, Plaintiff submitted additional medical records to the Appeals Council dated between October 26, 2012, and November 9, 2012. *See* Exhibit A to Plaintiff's Motion (*Doc. 17-1*).[3] On August 30, 2013, Plaintiff submitted yet another set of medical records to the Appeals Council from UNMH dated between November 6, 2012, and July 26, 2013.  AR 16–44.

On February 25, 2014, the Appeals Council issued its decision denying Plaintiff's request for review. The Appeals Council noted it specifically considered "Records from UNM Hospitals and Clinics from 11/01/2012 to 11/06/2012" (AR 1, 6), but it declined to consider records generated after November 8, 2012, the date of ALJ Farris' decision and explained:

> We also looked at records from UNM Hospitals and Clinics from November 26, 2012 to August 10, 2013. The Administrative Law Judge decided your case through November 8, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 8, 2012.
>
> If you want us to consider whether you were disabled after November 8, 2012, you need to apply again.

AR 2. Having denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner.  AR 1-4.

---

[3] Significantly, the Commissioner's initial filing of the Administrative Record did not contain the medical records submitted to the Appeals Council by Plaintiff. As discussed at the end of this Memorandum Opinion and Order, the Commissioner supplemented the Administrative Record only after Plaintiff filed her Motion to Remand. Indeed, the docket entry notation at the top of the page indicates that the Commissioner simply re-filed Plaintiff's Exhibit A (*Doc. 17-1*) as a part of the Administrative Record at AR 541-563. *See Doc. 22*.

## II.     The Claims

Plaintiff asserts that the ALJ erred by: (1) failing to properly evaluate treating source opinions; (2) failing to properly evaluate medical evidence from the consulting physician and failing to develop the record; and (3) failing to take certain evidence in to account when formulating Plaintiff's RFC. Plaintiff also contends that the Appeals Council erred when it failed to consider additional relevant medical records submitted after the ALJ's decision. *Docs. 17 and 19*.

## III.    Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision was supported by substantial evidence; and second, whether the correct legal standards were applied.  *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, "[a] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."

*Id.* (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) and *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988)) (brackets in original).

Generally, my assessment is based on a "meticulous" review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency.  *Id.*  However, this case can be resolved on an error of law.  Therefore, all portions of the record that bear on the legal argument raised by Plaintiff have been read and carefully considered, but I did not review every single page of the medical documents in detail, as is normally the case.  See *Grogan v. Barnhart*, 399 F.3d 1257,

1262 (10th Cir. 2005) ("we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the ALJ's findings in order to determine if the **substantiality test** has been met." (citations omitted and emphasis added); *Candelario v. Barnhart*, 166 F. App'x 379, 382 (10th Cir. 2006) ("'[I]f the ALJ failed to apply the correct legal test, there is a ground for reversal **apart from** a lack of substantial evidence.'") (quoting *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (emphasis added).

## IV.   Discussion

The Court finds that the Appeals Council erroneously declined to consider some of the new evidence submitted to it by Plaintiff, and that this error requires remand to the agency for further proceedings. Regulations require that the Appeals Council evaluate the entire record, including new evidence when it relates to the relevant period. 20 C.F.R. 404.970(b). The evidence submitted must be "(a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (brackets in original).  "If the Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings." *Id.*

### A. Additional Evidence Submitted to the Appeals Council was "New"

Whether evidence qualifies as "new, material, and chronologically pertinent" is a question of law. *Id.* Evidence is "new" if it is not duplicative or cumulative. *Threet*, 353 F.3d at 1191. Here, the parties do not dispute that the evidence presented to the Appeals Council is new. It was not available to the ALJ at the time she made her decision "and is thus neither duplicative nor cumulative."  *See id.*

### B. Additional Evidence was "Chronologically Pertinent"

Evidence is "chronologically pertinent" or, in other words, temporally relevant where it relates to the period before the ALJ's decision. *Threet*, 353 F.3d at 1191. The Appeals Council recited that it did consider *some* of the additional evidence submitted to it by Plaintiff, specifically "Records from UNM Hospitals and Clinics from 11/01/2012 through 11/06/2012." AR 5 & 6. Clearly, these documents that were generated prior to the ALJ's November 8, 2012 decision qualified as temporally relevant to the issue of disability.

Yet the Appeals Council ignored other additional evidence that was created prior to the ALJ's decision and, therefore, clearly within the relevant time period, without any explanation why it was not considered. The new evidence included treatment records by Shanna Diaz, D.O. dated October 26, 2012 (AR 557–561), in which she notes that Plaintiff feels that "things have gotten 'much worse,'" and that Plaintiff "endorses symptoms that are consistent with chronic paranoid schizophrenia" with "clear bizarre delusions which are likely contributing to her anxiety symptoms and depression." AR 561. Like the other new information gathered before the ALJ's decision discussed in the preceding paragraph, these treatment records were *required* to be considered by the Appeals Council. *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) ("Under § 416.1470(b), the Appeals Council 'shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision.'").

The Appeals Council also apparently rejected consideration of other newly submitted evidence, concluding that reports and treatment notes generated *after* the

ALJ's decision because the new information "is about a later time."[4] AR 2. Such a drawing of a temporal "line in the sand" conflicts with binding case law, however. Evidence generated after an ALJ hands down a decision can nonetheless be "temporally relevant" where such new information "corroborates" and thereby "relates" to a diagnosis reported by a treating physician before the date of the ALJ's decision. *Id.* ("[W]e agree that the reports [prepared after the ALJ's decision] are temporally relevant [because] the psychological report corroborates an anxiety diagnosis reported by Mr. Padilla's treating doctor, Dr. Evans, prior to the hearing, as well as Mr. Padilla's hearing testimony.").

Here, the Appeals Council failed to consider a medical source statement by a treating provider[5] dated November 9, 2012, just one day after ALJ Farris issued her decision, (AR 543-44) and treatment notes from July 2013 (AR 39-41). Specifically, in the November 9, 2012 notes, Dr. Diaz opined that Plaintiff suffers from an affective disorder and anxiety related disorder that results in "marked" limitations in the areas of activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace and, therefore, meeting the requirements of section 12.04 of the Listing of Impairments.[6] AR 543–544. The July 2013 provider notes reveal that Dr. Diaz

---

[4] In the *Padilla* case, it was unclear if the Appeals Council had refused to consider the newly submitted evidence or whether it had considered but discounted that evidence. As the Tenth Circuit noted in Footnote 1 of its opinion,

> If the Appeals Council did not consider the additional evidence because it did not qualify for consideration under § 416.1470(b), then the question on appeal is whether the Appeals Council erred in failing to do so. If the Appeals Council did accept and consider the new evidence, then the question on appeal is whether the ALJ's decision was supported by substantial evidence in light of the new evidence.

[5] Although the provider signature is that of Dr. Diaz, Pedro Simpson, M.D. is identified as the "Treating/Examining Source."

[6] Paragraph "B" of section 12.04 of the Listings requires that an affective disorder

treated Plaintiff for chronic paranoid schizophrenia, panic disorder with agoraphobia, obsessive compulsive disorder, anxiety, and panic attacks. AR 30-44. Thus, both treatment notes corroborate diagnoses reported by Plaintiff's treating and consulting physicians prior to the hearing, as well as her own testimony.[7] *See Padilla,* 525 F. App'x at 713 (new medical evidence corroborating prior diagnosis and hearing testimony relates back to the period on or before the date of the ALJ's decision and is therefore temporally pertinent).

### C. Additional Evidence was "Material"

New evidence is "material" if there is a reasonable possibility that it would change the outcome. *Id.* Citing *O'Dell v. Shalala*, 44 F.3d 855 (10th Cir. 1994), the Commissioner argues that the additional evidence discussed above would not change the outcome. In *O'Dell*, the court found that the new evidence did not contradict the ALJ's findings. *Id.* at 859.

Yet the new, unconsidered information here calls into question the ALJ's determination that Plaintiff's impairments do not meet the Listings and that her nonexertional limitations are restricted to "performing only simple, routine tasks, with no interaction with the public and only occasional and superficial interaction with

---

      Result[s] in at least two of the following:
      1. Marked restriction of activities of daily living; or
      2. Marked difficulties in maintaining social functioning; or
      3. Marked difficulties in maintaining concentration, persistence, or pace; or
      4. Repeated episodes of decompensation, each of an extended duration.

[7] AR 286 (in 2010, Dr. Modi indicates depression and anxiety), AR 450 (in 2010, Dr. Baum notes Plaintiff was actively psychotic with a thought disorder), AR 458 (in 2011, Dr. Stainback notes a schizoaffective disorder), AR 490, 527 (in 2011, Dr. Simpson identifies possible schizophrenia), AR 520 (in 2011, Dr. Weiss indicates obsessive compulsive disorder, major depressive disorder and panic disorder with agoraphobia and psychotic disorder); AR 86-87, 96-97, 94, and 100 (Plaintiff testifies regarding panic attacks, anxiety symptoms, and psychotic episodes).

coworkers." *See* AR 62. As this evidence contradicts the ALJ's finding that Plaintiff's impairments do not meet the part "B" requirements, there is a reasonable possibility that it would change the outcome. *See Padilla*, 525 F. App'x at 712 (agreeing with plaintiff that "the ALJ's RFC could reasonably be found to be unsupported by substantial evidence because if failed to take into account the nonexertional limitations revealed by the additional evidence").

The Commissioner next speculates that the ALJ would have accorded Dr. Diaz' opinion little weight because other evidence in the record supported a finding that Plaintiff's impairments did not meet the Listings. *Doc. 23* at 13. However, speculating about the likelihood of the ALJ's decision on matters neither she nor the Appeals Council considered would risk violating the general rule against post hoc justification of administrative actions. *See Money v. Astrue*, 515 F. Supp. 2d 1211, 1219, n.3 (D. Kan. 2007) (citing *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)).

### D. Additional concern

Finally, it is troubling to the Court that the additional new evidence submitted by Plaintiff to the Appeals Council was not included in the administrative record originally filed by the Commissioner; rather, it was lodged with the Court only after Plaintiff submitted her motion to remand. *See Doc.* 22 ("Notice of Lodging of the Transcript of the Supplemental Administrative Record"). This could indicate that, contrary to the Appeals Council's Notice of Action and Order, *all* of the additional medical evidence was not considered, and was instead wholly ignored.

Nevertheless, the failure of the Appeals Council to consider and evaluate the entire record, which includes the new additional material evidence identified above that

it was <u>required</u> to address, "constitutes substantial legal error necessitating a remand for further proceedings." *Threet*, 352 F.3d at 1192. Because the Appeals Council's failure to review the entire record requires remand and may affect the analysis as a whole, this Court will not address the other claims of error raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006); *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (*Doc. 17*) is granted and this matter is remanded for further proceedings.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent